Chen v. Holder

BIA
A087 637 120

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of August, two thousand thirteen.

PRESENT:

        JOSÉ A. CABRANES,
        GERARD E. LYNCH,
        CHRISTOPHER F. DRONEY,
            *Circuit Judges.*

_____

QUN CHEN,
     *Petitioner,*

     v.                      12-3362
                                NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
     *Respondent.*

_____

FOR PETITIONER:      Robert Valane, Moslemi & Associates, New York, New York.

FOR RESPONDENT:      Stuart F. Delery, Acting Assistant Attorney General; Emily Anne Radford, Assistant Director; Jesse

D. Lorenz, Trial Attorney, Office of
Immigration Litigation, United
States Department of Justice,
Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a
Board of Immigration Appeals ("BIA") decision, it is hereby
ORDERED, ADJUDGED, AND DECREED that the petition for review
is DENIED.

Petitioner Qun Chen, a native and citizen of the
People's Republic of China, seeks review of a July 25, 2012,
decision of the BIA affirming the May 17, 2011, decision of
Immigration Judge ("IJ") Brigitte Laforest, which denied her
application for asylum, withholding of removal, and relief
under the Convention Against Torture ("CAT"). *In re Qun
Chen*, No. A087 637 120 (B.I.A. Jul. 25, 2012), *aff'g* No.
A087 637 120 (Immig. Ct. N.Y. City May 17, 2011). We assume
the parties' familiarity with the underlying facts and
procedural history in this case.

Under the circumstances of this case, we have reviewed
the IJ's decision as supplemented by the BIA. *See Yan Chen
v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The
applicable standards of review are well-established. *See*
8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*,
562 F.3d 510, 513 (2d Cir. 2009). For applications such as

2

Chen's that are governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances, . . . base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of [his or her] account," and inconsistencies in his or her statements, "without regard to whether . . . [they go] to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam).

In making the adverse credibility finding, the IJ reasonably relied on Chen's inconsistent testimony, and inconsistencies between her testimony and the letters from her mother and boyfriend. *See Xiu Xia Lin,* 534 F.3d at 167. During the merits hearing, Chen changed her testimony regarding the location where she was taken for the forced abortion, the date she was planning to get married, and when she lived with her boyfriend. She also testified that she was living with her mother when she discovered she was pregnant, contradicting the statement in her asylum application that she was living with her boyfriend at that

3

time.  When questioned about her inconsistencies, Chen changed her testimony.  Although her explanations may be plausible, the record does not compel the conclusion that the IJ should have credited them.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005).  In addition, because the inconsistencies regarding where she was taken for an abortion and where she was living when she discovered she was pregnant were dramatic and central to her claim, the IJ was not required to request explanation.  *See Majidi*, 430 F.3d at 81.

The IJ also reasonably relied on the lack of corroboration in finding Chen not credible.  *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).  The IJ observed the absence of any medical records from the hospital or an abortion certificate, and reasonably declined to credit as corroborating evidence the letters from her mother and boyfriend that Chen submitted on this issue, which were unauthenticated, came from interested parties who were not available for cross-examination, and, in the case of her mother's letter that provided a date for the abortion, differed from Chen's testimony and asylum application.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471

4

F.3d 315, 342 (2d Cir. 2006) (holding that "the weight to afford to such evidence lies largely within the discretion of the IJ" (internal quotation and alteration omitted)). Contrary to Chen's argument, the IJ was not required to determine that the medical records or an abortion certificate were reasonably available. *Id.* at 341 (stating that an IJ's explanation for why documents are reasonably available applies when lack of corroboration is cited as basis for finding "*otherwise credible*" testimony insufficient to satisfy burden (emphasis in original)). The adverse credibility determination is further bolstered by the IJ's demeanor finding, to which we defer. *See Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005).

Accordingly, given the inconsistency and demeanor findings, the totality of the circumstances supports the agency's adverse credibility determination, 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167, which is also dispositive of her requests for withholding of removal and CAT relief, *see Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

Finally, to the extent that Chen argues that the IJ should have made a determination of her competence, this issue is unexhausted as it was not raised before the BIA.

*See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6